UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| HILTON H. HASTINGS, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 5:11-226-JMH |
| ) | |
| v. ) | |
| ) | |
| JOHN R. ALLEN, ) | |
| ) | **MEMORANDUM OPINION & ORDER** |
| Defendant. ) | |

\*\*   \*\*   \*\*   \*\*   \*\*

This matter is before the Court on Motion of the Plaintiff to Amend his Complaint [Record No. 7] to more accurately reflect the amount of damages sought. Defendant filed a Response [Record No. 10] objecting to the Motion, and Plaintiff timely replied [Record No. 11]. This matter is now ripe for this Court's review.

Plaintiff, a Kentucky citizen, filed this personal injury action on or about April 13, 2011 in Fayette Circuit Court against a Georgia Defendant. Plaintiff's Complaint alleged that his damages would not exceed $74,999.99. On the same day, Plaintiff also filed a document [Record No. 1-2] in the court record, titled "Plaintiff's Stipulation to Damages," in which Plaintiff stipulated that his damages "do not meet or exceed" $75,000 and that any verdict in excess of $75,000 would be remitted to the Court. The Stipulation was not signed by the Defendant nor was it approved by the state court judge to whom the case was assigned.

Subsequently, on or about June 27, 2011, Plaintiff itemized

1

his claimed damages in his discovery responses. His new itemized damages totaled $114,016.99. Relying on the new calculation of damages contained in the discovery responses, Defendant timely removed this action based on diversity jurisdiction under 28 U.S.C.A. § 1446.

Plaintiff then timely moved this Court for leave to file an Amended Complaint so that the complaint would more accurately reflect the amount of damages by removing the upper limit in the *ad damnum* clause of the original Complaint. Plaintiff further seeks to remove the earlier Stipulation. Plaintiff notes that he has not reached maximum medical improvement and that additional treatment, provided after the original Complaint was filed, increased the potential value of his damages.

Surprisingly, Defendant objects to the Amended Complaint and removal of the earlier stipulation on the grounds that Plaintiff should be bound by the original Complaint and Stipulation that his damages did not exceed $74,999.99. Citing authority from other jurisdictions, Defendant argues that Plaintiff has not shown that enforcing the stipulation would result in manifest injustice, or that the stipulation was the result of a mistake of law, and, therefore, Defendant should remain bound by the Stipulation. Thus, Defendant argues the untenable position that jurisdiction in this Court is proper based on the plaintiff's alleged damages exceeding $75,000, as demonstrated in Plaintiff's discovery responses, but

2

that the Plaintiff should be limited damages in an amount less than $74,999.99, based on the Complaint and Stipulation. Defendant seeks to have his cake and eat it too by interpreting the Plaintiff's damages in this case to whatever purpose he deems suitable at the time.

It is clear to this Court, however, that Plaintiff's damages exceed $75,000 and Defendant has not shown any reason why leave to amend the complaint should not be freely given in this instance. *See* Fed.R.Civ.P. 15(a)(2). There is no indication that the "amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or [that the amendment] would be futile." *Colvin v. Caruso*, 605 F.3d 282, 294 (6th Cir. 2010) (quoting *Crawford v. Roane,* 53 F.3d 750, 753 (6th Cir. 1995)). Defendant has been aware of the increase in the Plaintiff's claimed damages since discovery was still in its infancy – since at least June, 2011. There is no evidence that Defendant relied on the Stipulation or *ad damnum* clause in the Complaint to his detriment. In fact, manifest injustice would result by allowing the removal of this case and then artificially constricting the amount of damages available to the plaintiff based on the Complaint and Stipulation in these circumstances.

Accordingly, and for the foregoing reasons, **IT IS ORDERED** that**:**

(1) Plaintiff's Motion for Leave to Amend the Complaint

[Record No. 7] shall be, and the same hereby is, **GRANTED**;

(2) The clerk is directed to **FILE** the previously tendered Amended Complaint in the record; and

(3) "Plaintiff's Stipulation to Damages" [Record No. 1-2] is **DEEMED WITHDRAWN**.

This the 30th day of November, 2011.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge